IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHONY JOSE MEYERS, | ) | |
|     Petitioner, | ) | Civil Action No. 7:19-cv-00833 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| J.C. STREEVAL, | ) | By: Michael F. Urbanski |
|     Respondent. | ) | Chief United States District Judge |

**MEMORANDUM OPINION**

On November 18, 2019, petitioner Anthony Jose Meyers, proceeding pro se, filed a petition for relief pursuant to 28 U.S.C. § 2241, alleging that he was deprived of good time credits without due process following seven prison disciplinary hearings. This case addresses Incident Report (IR) No. 2724599, which was heard before a Disciplinary Hearing Officer (DHO) on June 17, 2015. On March 3, 2020, respondent J.C. Streeval[1] filed a motion to dismiss or, alternatively, for summary judgment with accompanying memorandum, exhibit, and attachments. ECF Nos. 9, 10, 10-1. Meyers did not respond to the motion. For the reasons stated below, the court **GRANTS** the motion to dismiss or for summary judgment and **DISMISSES** Meyers's motion for relief under 28 U.S.C. § 2241.

**BACKGROUND**

Meyers is incarcerated at United States Penitentiary (USP), Lee in Jonesville, Virginia. He complains about procedures in a disciplinary hearing that resulted in the loss of good conduct time (GCT).

---

[1] Warden J.C. Streeval has been substituted for Acting Warden D. Lue as respondent in this matter. See Fed. R. Civ. P. 25(d) (allowing substitution of parties for public officers named as parties in an action).

In IR No. 2724599, Meyers was accused of assaulting any person, without serious injury. ECF No. 10-1 at 58, 62. On June 6, 2015, while in the recreation yard, Meyers was observed striking another inmate in the face and upper torso. Id. at 58. As the reporting officer entered the yard, Meyers stopped striking the other inmate. Id. Meyers was placed in restraints and escorted out of the yard. Id.

The incident report charging Meyers with assaulting any person was reviewed by the Unit Disciplinary Committee (UDC), which referred the matter to the DHO for a hearing. Id. A hearing was held on June 17, 2015. Id. at 55. Meyers waived his right to a staff member but wanted to call a witness and present documentary evidence, specifically the witness's written statement. Id. at 55-56. Both Meyers and his witness, the other inmate, testified that they were "horseplaying." Id. at 56.

The DHO found that Meyers had not committed the prohibited act of assaulting any person, but instead found that Meyers had committed the prohibited act of using martial arts or boxing. Id. The DHO relied on the reporting officer's written report, other documentary evidence, supporting memos from staff, injury assessments, evidence photos, the other inmate's written statement, and the statements of Meyers and the other inmate during the hearing. Id. The DHO found the witness's statements to be exculpatory for the charge of assaulting any person. Id. However, the DHO viewed Meyer's statement as an admission of guilt of the prohibited act of using martial arts or boxing. Id. The DHO was convinced by the greater weight of the evidence that Meyers committed the prohibited act of using martial arts or boxing. Id.

The DHO sanctioned Meyers to disallowance of twenty-seven days of GCT, thirty days of disciplinary segregation, loss of commissary and phone privileges for 180 days, and a fine of $30.00. Id. The DHO thoroughly explained his rationale for the sanctions imposed. Id. at 56-57. The DHO's report was issued on June 25, 2015, and the report reflects that it was delivered to Meyers via institutional mail that same day. Id. at 57. Another copy was delivered to Meyers on January 20, 2020. Id.

Meyers asserts that following the hearing he requested a copy of the DHO report but did not receive the written statement of the evidence relied on and the reasons for the sanctions. ECF No. 1 at 4. Meyers further alleges that the administrative record does not support the decision and disposition reached by the DHO. Id. at 5.

In his petition brought pursuant to 28 U.S.C. § 2241, Meyers claims that his due process rights were violated in the disciplinary hearing proceedings. Id. at 1. He seeks expungement of his disciplinary record and reinstatement of his lost GCT. Id. Respondent, in his motion to dismiss or, in the alternative, for summary judgment, argues that Meyers failed to exhaust his administrative remedies; that his claim that he did not receive the DHO report is contradicted by Federal Bureau of Prisons (BOP) records; that he has failed to state a claim for a due process violation; and that he received the due process afforded by Wolff v. McDonnell, 418 U.S. 539 (1974). ECF No. 9 at 1-2; ECF No. 10 at 1-2.

## DISCUSSION

### I. Exhaustion of Administrative Remedies

Although § 2241 does not contain a statutory exhaustion requirement, courts require petitioners to exhaust their administrative remedies prior to bringing a habeas corpus cause of

3

action. McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004). The exhaustion requirement gives prison officials an opportunity to develop a factual record and provides prisons "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204 (2007). Failure to exhaust may be excused only on a showing of cause and prejudice. McClung, 90 F. App'x at 445 (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001)).

The BOP administrative remedy program is set out at 28 C.F.R. § 542.10 – 542.19. Inmates are directed to first attempt informal resolution of an issue to staff, and each warden establishes procedures for the informal resolution of complaints. 28 C.F.R. § 542.13. If an inmate is not satisfied with the response he receives from his attempt at informal resolution, he may file an administrative remedy request. Id. The deadline for completion of informal resolution and submission of a formal administrative remedy request is twenty days following the date on which the basis for the request occurred. 28 C.F.R. §542.14(a).

Administrative remedy requests involving issues other than DHO hearings are submitted to the institution staff member designated to receive such requests. 28 C.F.R. § 542.14(c)(4). Appeals of DHO decisions are submitted initially to the Regional Director for the region where the inmate is located. 28 C.F.R. § 542.14(d)(2). An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel within thirty days of the date the Regional Director signed the response. 28 C.F.R. § 542.15(a). Appeal to the General Counsel is the final administrative appeal. Id. Appeals to the Regional Director are made on BP-10 forms and appeals to the General Counsel are made on BP-11 forms. 28 C.F.R. § 542.15(b)(1).

In his petition, Meyers does not address the administrative exhaustion requirement. See generally ECF No. 1. Respondent Streeval, with his motion to dismiss or for summary judgment, submitted a declaration from the Special Investigative Services (SIS) Lieutenant for USP Lee, who stated that he had reviewed BOP files and found that Meyers had filed a single administrative remedy with respect to IR 2724599. See Decl. of Corey Davis, ECF No. 10-1 at 5. Specifically, Meyers filed a BP-10 form at the regional level, which was answered and closed on August 7, 2015. Id. at 5-6. According to SIS Lieutenant Davis, Meyers did not appeal the Regional Director's response to the General Counsel, id. at 6, and the time has long passed for doing so, see 28 C.F.R. §542.15(a). Therefore, Meyers has not exhausted his administrative remedies as to IR 2724599. ECF No. 10-1 at 6.

As noted above, Meyers did not file a reply to respondent's motion. Because Meyers did not dispute Davis's declaration that he failed to exhaust his administrative remedies, the court finds that the claims are unexhausted. See Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion[.]"); see also ECF No. 10-1 at 6.

In addition, the court notes that, according to respondent, after BOP officials discovered that the original DHO reports were missing from Meyers's central file, they provided him with duplicate reports in January of 2020. ECF No. 10-1 at 4; see also id. at 57 (reflecting delivery of copy of DHO report for IR 2724599 on January 20, 2020). Thus, even if Meyers did not receive a copy of the DHO report after the hearing, he has received it now

and has had ample time to exhaust his administrative remedies and so inform the court.[2] Accordingly, the court finds that Meyers has not exhausted his administrative remedies and **DISMISSES** his case for failure to exhaust.

**II. Merits**

Respondent Streeval argues in the alternative that Meyers received due process during the disciplinary hearing proceedings and is not entitled to habeas corpus relief. In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court described the limited instances in which a prison inmate can make out a claim that a liberty interest has been taken without due process and acknowledged that under certain circumstances a state may create liberty interests which are protected by the Due Process Clause. Id. at 483-84 (citing Wolff v. McDonnell, 418 U.S. 539 (1974), and Meachum v. Fano, 427 U.S. 215 (1976)). However, the interests generally are limited to those which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Meyers lost 27 days of GCT as a result of the infraction, and it is well-established that inmates have a liberty interest in the forfeiture of vested good time credits. Batra v. Smith, No. 3:13CV787, 2016 WL 4249494, at *2 (E.D. Va. Aug. 9, 2016) (citing Henson v. United States Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000)); Downs v. Gill, No. DKC-10-964,

---

[2] The time limits noted above may be extended when an inmate demonstrates a valid reason for the delay. 28 C.F.R. § 542.15(a); see also id. § 542.15(b) (listing possible reasons for delay).

2011 WL 1457757, at *3 (D. Md. Apr. 15, 2011) (citing Henson, 213 F.3d at 898). Thus, GCT can only be taken from a prisoner in a manner that comports with due process.

The Supreme Court described the process due a prisoner accused of a disciplinary infraction in Wolff as follows: (1) He must receive written notice of the charges; (2) He must be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) There must be a written statement by the fact finder as to the evidence relied on and reasons for the decision. 418 U.S. at 564, 566.

Meyers received written notice of the charges and was afforded the opportunity to present witnesses and evidence. ECF No. 10-1 at 61-62. He did, in fact, present a witness and a written statement from the witness. Id. at 56. Meyers acknowledged that he had been advised of and understood his rights before the DHO. Id. at 56, 61. The DHO made a written record noting the evidence relied on to find petitioner guilty and the reasons for the sanctions imposed. Id. at 56-57.

Further, BOP records indicate that a copy of the DHO report was delivered to Meyers on June 25, 2015. See id. at 4, 19, 57. Even if he did not receive the report at that point, however, he received a duplicate copy on January 20, 2020. See id. at 4, 57. Meyers has not argued that any delay in issuance of the DHO report to him prejudiced him in his ability to file an administrative appeal. See Williams v. O'Brien, No. 7:08cv00424, 2008 WL 2943146, at *2 n.4 (W.D. Va. July 30, 2008) (noting that late delivery of DHO report to inmate did not affect his right to appeal DHO decision where he had an opportunity to show that delay was not his fault); see also Orozco v. Breckon, No. 7:19cv00040, 2020 WL 1542094, at *2 (W.D.

7

Va. Mar. 31, 2020) ("It is not the mere fact of the government's delay that violates due process, but rather the prejudice resulting from such delay." (quoting Consolidation Coal Co. v. Borda, 171 F.3d 175, 183 (4th Cir. 1999)). Thus, it appears that Meyers received the process he was due in accordance with Wolff.

Meyers also asserts that there was insufficient evidence presented at the hearing to show that he had committed the disciplinary infraction of which he was found guilty. ECF No. 1 at 5. However, it is not the job of the courts to assess the weight of the evidence when reviewing a prison disciplinary hearing, but only to determine whether the guilty finding has support of some facts or any evidence at all. Tyler v. Hooks, 945 F.3d 159, 170 (4th Cir. 2019) (citing Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455-56 (1985)). "As long as a hearing officer's decision is supported by some evidence and the requirements of Wolff have been met, the decision cannot be disturbed on judicial review." Massengale v. Streeval, No. 7:19cv543, 2020 WL 4227559, at *4 (W.D. Va. July 23, 2020). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56; see also Tyler, 945 F.3d at 170 (quoting Hill, 472 U.S. at 455-56).[3]

Here, the DHO relied on the reporting officer's written report, other documentary evidence, supporting memos, injury assessments, evidence photos, and the statements of Meyers and his witness, the other inmate. Id. at 56. The DHO determined that the greater

---

[3] BOP regulations state that: "The decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence." Boyd v. O'Brien, No. 7:08cv00289, 2008 WL 2074073, at *6 (W.D. Va. May 14, 2008); see also Moses v. Bledsoe, No. 1:03 CV 149, 2004 WL 3317657, at *9 (N.D. W. Va. Sept. 28, 2004) (same).

8

weight of the evidence in the case supported a finding that Meyers committed the prohibited act of using martial arts or boxing. Id.; see also Williams, 2008 WL 2943146, at *2 (noting that "[f]ederal courts will not review the accuracy of a disciplinary committee's finding[s] of fact" unless "they are unsupported by any evidence or are wholly arbitrary and capricious," and finding that petitioner had "failed to make any such showing sufficient to displace the DHO's findings of fact"); see also Moses, 2004 WL 3317657, at *9 (finding that petitioner provided vague unsupported allegations and assertions). The DHO's finding is neither unsupported nor arbitrary and capricious.

Therefore, the court **GRANTS** respondent's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** respondent Streeval's motion to dismiss or, alternatively, motion for summary judgment, ECF No. 9, and **DISMISSES** Meyers's motion for relief under 28 U.S.C. § 2241.

An appropriate Order will be entered.

Entered: December 10, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.12.10 16:28:10 -05'00'

Michael F. Urbanski
Chief United States District Judge